**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

MIGHTY NO BITEY, INC. and TERRI SEE

        plaintiffs

        v.

B'LOU, INC. and MICHELLE LYDON

        defendants

_____

## <u>COMPLAINT</u>

Mighty No Bitey Inc. and Terri See, by their attorney, Paul C. Rapp, Esq., alleges as follows against the Defendants:

1.     This is a case alleging violations of the federal Lanham Act, 15 USC 1125(a), the Massachusetts Unfair Trade Practices Act, MGL C. 39A Section 11. and for defamation and product defamation.

2.     This Court has jurisdiction pursuant to 28 USC § 1338.

3.     Venue is proper because all parties reside in this judicial district.

4.     Plaintiff, Mighty No Bitey, Inc. is a Massachusetts corporation with a principal office in Monterey, Massachusetts.

5.     Plaintiff Terri See is the President and CEO of Mitey No Bitey, Inc. and a resident of Monterey, Massachusetts.

6.      Upon information and belief, Defendant B'Lou Inc. is a Massachusetts corporation with a principal office in Great Barrington, Massachusetts.

7.      Upon information and belief, Defendant Michelle Lydon is an individual residing in Great Barrington, Massachusetts and is a principal of B'Lou Inc.

8.      Mighty No Bitey Inc. manufactures and distributes all-natural insect repellent called Mighty No Bitey and has been in business since 2015.  Mighty No Bitey is sold in retail outlets and recently became available at HomeDepot.com.  Plaintiffs hold a federal trademark registration for MIGHT NO BITEY, registration No. 4874117.

9.      Upon information and belief, B'Lou manufactures and distributes insect repellent called B'Lou Bug Spray and has been in business since 2014.

10.     At various times in March 2016, Michelle Lydon and perhaps others at her request posted five fraudulent and fake "consumer reviews" on the Mighty No Bitey product page at HomeDepot.com, where the product is sold.  These comments falsely said that Mighty No Bitey was a "waste of money", was totally ineffective in repelling insects, was unsafe for children, was "snake oil", etc., and all gave Mighty No Bitey a "one-star" rating out of five.  The comments were posted under fake identities.

11.     On the night of March 19, 2016, Defendant Lydon posted a statement on Mighty No Bitey, Inc.'s Facebook page falsely stating that Terri See was a thief who had copied her product.

12.     At about the same time, Defendant Lydon posted on her personal and publically viewable Facebook page a photograph of Terri See and her dog with their eyes blacked out.  She had copied this photograph from the Mighty No Bitey Facebook page and altered it.  She also posted a screenshot of her fake Home Depot consumer comments, along

with a rambling narrative falsely stating that Mighty No Bity copied her product B'Lou Bug Spray and how Mighty No Bitey was ineffective in repelling insects.  This page is viewable by the public.  Many people commented on Defendant Lydon's Facebook posts, most being highly critical of Terri See and Mighty No Bitey, and Defendant Lydon replied positively, encouragingly, to these critical comments.

13.    Defendant Lydon, acting for Defendant B'Lou, Inc., has encouraged retail outlets in the Berkshires to not stock Mighty No Bitey and to instead stock B'Lou Bug Spray, falsely telling the outlets that Mighty No Bitey was a rip-off of B'Lou Bug Spray and that Mighty No Bitey was ineffective in repelling insects.

14.    Upon information and belief, Defendant Lydon or people acting on her behalf have made similar false and defamatory statements to other retail outlets and consumers in the Berkshires and beyond, attempting to stop retail outlets and consumers from purchasing Mighty No Bitey.

COUNT I

Violation of 15 USC § 1125(a)

15.    The actions of Defendants in posting fraudulent, misleading, false and defamatory statements on Plaintiffs' Home Depot product page were forms of "advertising and promotion" pursuant to 15 USC § 1125(a).

16.    Such statements were intended to influence consumers' purchasing decisions, were made in interstate commerce, and diverted sales and lessened the goodwill of Plaintiffs and Plaintiffs' products.

17.    Such statements violated 15 USC § 1125(a).

18.     Plaintiffs are therefor entitled to injunctive relieve, treble damages and the costs of this action, including attorneys fees.


COUNT II

Violation of MGL C. 39A Section 11

19.     The actions of Defendants in making false and defamatory statements about Plaintiffs on social media, on Plaintiffs' Home Depot page, and to retail vendors are unfair and deceptive trade practices for the purposes of the Massachusetts Unfair Trade Practices law, MGL C. 39A.

20.     All or substantially all of the unfair and deceptive trade practices occurred in Massachusetts.

21.     Plaintiffs have suffered, is suffering and will continue to suffer irreparable harm and damage as a result of these activities, including a diversion of revenue and potential customers from the Plaintiffs, loss of competitive advantage and the lessening of the goodwill residing in the Plaintiffs.

22.     Defendants will, unless restrained and enjoined, continue to unlawfully use unfair and deceptive business practices against Plaintiffs and Plaintiffs' product, causing irreparable damage.  Plaintiffs' remedy at law is not adequate to compensate it for the injuries suffered and threatened.

23.     Pursuant to MCL C. 93A s.11, Plaintiffs are entitled to treble damages, injunctive and equitable relief, and the costs and attorneys' fees incurred in bringing this action.

COUNT III

Commercial Disparagement

24.     Defendants' false statements about Plaintiffs' product on social media, on Plaintiffs' Home Depot page, and to retail vendors were made with knowledge of their falsity or with a reckless disregard for the truth.

25.     Plaintiffs suffered damages as a result in lost sales of its product.

26.     Defendants are therefor liable to Plaintiffs under the common-law theory of commercial disparagement in an amount to be proven at trial.

COUNT III

Defamation

27.     Defendants' false claims about Plaintiff Terri See on social media and to retail vendors were made with knowledge of their falsity or with a reckless disregard for the truth.

28.     Plaintiff Terri See suffered damages in the form of reputational harm.

29.     Defendants are therefor liable to Plaintiff Terri See under the common-law theory of defamation in an amount to be proven at trial.

WHEREFORE, the Plaintiffs request:

1)      An injunction against the Defendants prohibiting them from posting untrue and defamatory statements about Plaintiffs and Plaintiffs' product on social media or making these statements to retail vendors;

2)      An order requiring Defendants to disclose every company to which or person to whom such statements were made;

3)      An order requiring Defendants to contact in writing every company to which or person to whom such statements were made retracting the untrue and defamatory statements about Plaintiffs and Plaintiffs' products.

4)      That judgment be entered for Plaintiff on all counts of the Complaint;

5)      That Defendants be required to pay Plaintiff damages in the sum to be determined at trial, and to account for all gains, profits and advantages derived by Defendants as a result of their actions;

6)      That Plaintiff be awarded treble damages, punitive damages, reasonable attorney fees and the cost and disbursements of this action; and

5)      That the Court award such other and further relief as the Court deems just and equitable.


Respectfully submitted,

Mighty No Bitey, Inc. and Terri See, Plaintiffs

/s/ Paul C Rapp

By:_____
Paul C. Rapp, Esq. (BBO #653838)
Attorney for the Plaintiffs
PO Box 366
Monterey, MA 01245
(413) 553-3189

Dated: April 28, 2016